Gregory Barnett, Esq. (GGB-3754)
CASEY & BARNETT, LLC
317 Madison Avenue, 21st Floor
New York, NY 10017
(212) 286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
ACE AMERICAN INSURANCE COMPANY
a/s/o JOHN SCAGNELLI

          Plaintiff   No.:

-against-            **COMPLAINT**

WESTCHESTER COUNTY DEPARTMENT
OF PUBLIC WORKS

          Defendant
------------------------------------------------------------X

Ace American Insurance Company ("ACE"), by its attorneys, CASEY & BARNETT, LLC, for its Complaint, alleges upon information and belief, as follows:

### PARTIES

1. At all material times, ACE, was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 140 Broadway, 40th Floor New York, New York 10005 and was at all material times the insurer of John Scagnelli, owner and operator of a 1981 30' Pearson Sailboat.

2. At all material times, John Scagnelli was the owner and operator of a 1981 30' foot Flyer Sloop sailboat ("vessel"), a recreational vessel, hull identification number PEA68138M81J and valid New York registration NY 6378 GY.

3. At all material times, the Glen Island Park bridge was and is a drawbridge in New Rochelle, New York, owned and operated by Westchester County Department of Public Works ("Westchester County"). Mr. Edward Anderson was and is an employee of Westchester County and bridge attendant for the Glen Island Park drawbridge.

## JURISDICTION

4. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and the General Maritime Law of the United States.

## FACTS

5. At 1700 hours on July 3, 2006, John Scagnelli was motoring his vessel westbound on approach to the Glen Island Bridge, when he sounded his horn to notify the bridge operator to open the bridge.

6. The bridge operator, Edward Anderson, acknowledged his signal and opened the bridge.

7. When Mr. Scagnelli's vessel was directly underneath the bridge, Mr. Anderson lowered the bridge onto the mast of the vessel.

8. The drawbridge struck the mast of the vessel causing damage to the vessel, including the boom to become dislodged and causing it to fall onto the companion way ladder.

9. The contact between the vessel and the drawbridge was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the

inattention, negligence, fault, neglect and gross negligence of bridge operator Edward Anderson and Westchester County.

10. Westchester County, as the employer of Edward Anderson is vicariously liable for the acts or omissions of Mr. Anderson.

11. At all times relevant hereto, a contract of insurance for property damage was in effect between John Scagnelli and ACE, which provided coverage for, among other things, loss or damage to the vessel.

12. Pursuant to the aforementioned contract of insurance between John Scagnelli and ACE, monies have been and will be expended on behalf of John Scagnelli, to the detriment of ACE due to the contact between the drawbridge and the vessel.

13. Due to the contact with the bridge, the vessel sustained damages totaling $12,484.78.

14. As ACE has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendant, ACE has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages of against the defendant.

15. ACE brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested, as their respective interests may ultimately appear, and ACE is entitled to maintain this action.

16. By reason of the foregoing, ACE has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $12,484.78.

17. All and singular the matters alleged herein are true and correct. ACE reserves the right to amend and supplement this complaint, as further facts become available.

**WHEREFORE**, ACE prays:

1. The Court order, adjudge and decree that defendant, Westchester County, be found liable and pay to plaintiff the losses sustained herein, together with pre-judgment and post judgment interest thereon and their costs.

2. That this Court grants to plaintiff such other and further relief as may be just and proper.

                              CASEY & BARNETT, LLC

BY: _____
    Gregory G. Barnett
    Attorney for ACE
    317 Madison Avenue, 21st Floor
    New York, NY 10017